IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,994-01






EX PARTE BENJAMIN JOHN SPENCER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-87-96524-T IN THE 283RD DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction.
Spencer v. State, No. 05-88-00397-CR (Tex. App.-Dallas, May 3, 1989, pet. ref'd). 

 Applicant contends, among other things, that he is actually innocent and that trial counsel
rendered ineffective assistance. After holding a live evidentiary hearing and making findings of fact,
the trial court concluded that Applicant had established that he is actually innocent and
recommended that we grant relief. We believe that the record should be further developed. The trial
court shall make further findings of fact as to whether the evidence produced by Dr. Paul Michel's
report was available in 1988, when Applicant was tried. Ex parte Brown, 205 S.W.3d 538 (Tex.
Crim. App. 2006). Specifically, the trial court shall make findings as to what methods in visual
forensic science Dr. Michel relied on his report and whether these methods were available and
recognized by experts in the field in 1988. The trial court shall also make further findings as to
whether Dr. Michel, in concluding that the identifications of Applicant were not credible, considered
that they were not stranger-on-stranger identifications. Finally, the trial court shall make further
findings as to whether Danny Edwards made a plea agreement with the State for pending aggravated
robbery charges after he had met Applicant in jail; whether Edwards filed a pre-trial motion on
Applicant's behalf; and whether there was evidence indicating that Applicant's fingerprints had been
"sanded." 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Elizondo, 947
S.W.2d 202 (Tex. Crim. App. 1996); Strickland v. Washington, 466 U.S. 608 (1984). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may hold another evidentiary hearing or order trial counsel to respond in a second affidavit. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
another evidentiary hearing, it shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at
the hearing. Tex. Code Crim. Proc. art. 26.04. 

 If the trial court finds that Edwards had not made a plea agreement with the State before he
met Applicant, Edwards had not filed a pre-trial motion on Applicant's behalf, and Applicant's
fingerprints had not been "sanded," it shall determine whether trial counsel rendered ineffective
assistance for failing to impeach Edwards's testimony at trial. The trial court shall also determine
whether trial counsel rendered ineffective assistance for failing to impeach Edwards for bias and
interest when he made his March 30, 1987 statement to the police and for failing to elicit testimony
or introduce evidence showing that the police had ruled out Van Mitchell Spencer as a suspect.
Finally, with respect to Applicant's ineffective assistance of counsel claims, the trial court shall
determine whether the State, in raising laches, has made a particularized showing of prejudice,
shown that Applicant caused this prejudice by his delay, and shown that Applicant has not acted with
reasonable diligence. Ex parte Carrio, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999). The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of Dr. James Hyzer's
report shall also be returned to this Court within 120 days of the date of this order. Any extensions
of time shall be obtained from this Court.



Filed: April 22, 2009

Do not publish